UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALVIN SANDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-CV-677-TAV-HBG |
| ) | |
| OFFICER MORRISON, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

This action is before the Court on defendant Tim Hearne's motion to dismiss [Doc. 20]. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Hearne argues that plaintiff fails to state a claim under 42 U.S.C. § 1983 against him. Plaintiff did not respond, and the time for doing so has passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons explained below, the Court will grant the motion.

**I.    Motion to Dismiss Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.

1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

II. Analysis

At all times relevant to the complaint, plaintiff was housed at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee [Doc. 8]. On November 25, 2013, plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging Officers Morrison and Underwood assaulted plaintiff in violation of his rights under the Eighth Amendment [*Id.* at 2]. Plaintiff further alleges defendant Tim Hearne violated his rights because plaintiff allegedly informed defendant Hearne about the assault and defendant Hearne failed to "look into it" [*Id.* at 3].

A plaintiff pursuing a § 1983 claim must allege and prove that each defendant was personally involved in the alleged unconstitutional activity set out in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Liability under § 1983 cannot be based upon mere failure to act, and allegations that a defendant mishandled a grievance or failed to investigate a complaint are insufficient to state a claim. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, liability under § 1983 must be based on active unconstitutional behavior. And merely filing a complaint or grievance with an official does not provide a sufficient basis to establish liability for a constitutional violation. *Bradley*, 729 F.2d at 421; *see also Henry v. Pogats*, 35 F.3d 565,

3

1994 WL 462129, at *2 (6th Cir. Aug. 25, 1994) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability under § 1983." (citation omitted)).

Upon review of the complaint, plaintiff does not allege that active conduct on the part of defendant Hearne caused the injuries of which he complains. Instead, he seeks to impose liability upon defendant Hearne because he did not look into plaintiff's allegations against Officers Morrison and Underwood [*See* Doc. 8 at 3]. These allegations are insufficient.

### III. Conclusion

Because plaintiff fails to allege that defendant Hearne actively engaged in any unconstitutional behavior, defendant Hearne shall be **DISMISSED** from the complaint. Defendant Tim Hearne's motion to dismiss [Doc. 20] is hereby **GRANTED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE